IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| DARRYL DEVEAUX, | : | |
| | : | |
| Petitioner, | : | |
| | : | Case No. 5:01-CR-11 (HL) |
| VS. | : | |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | Proceedings Under 28 U.S.C. § 2255 |
| Respondent. | : | Before the U.S. Magistrate Judge |
| _____ | : | |

## RECOMMENDATION

Petitioner Darryl Deveaux has filed what the Court has recharacterized as a Motion to Vacate his Sentence pursuant to 28 U.S.C. § 2255. Doc. 23. In its Response, Respondent has alleged that the Petition is untimely according to the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Doc. 29. Because Petitioner failed to file his petition within the one-year period of limitations and has failed to show adequate grounds for equitable tolling, it is **RECOMMENDED** that the petition be **DISMISSED**.

FACTUAL AND PROCEDURAL HISTORY

On January 31, 2001, Petitioner Darryl Deveaux was indicted on one count of Possession with Intent to Distribute Cocaine and Cocaine Base in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(iii), (b)(1)(C) and one count of Possession with Intent to Distribute Cocaine Base in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(iii). Doc. 1. On April 3, 2001, Petitioner pleaded guilty to the count of Possession to Distribute Cocaine and Cocaine Base. Doc. 12. The presentence report (PSR) determined that Petitioner was a career offender under the sentencing guidelines, based on a previous conviction of aggravated assault and two previous convictions of possession with intent to distribute cocaine. PSR ¶ 32, 33, 36, 42. On August 21, 2001, Petitioner

was sentenced to the low end of the sentencing guidelines range of 235 months in prison, to be followed by five (5) years of supervised release. Doc. 22. Petitioner did not appeal his sentence.

On April 30, 2010, Petitioner filed an "Independent Action Pursuant to Rule 60(d)(1) of the Federal Rules of Civil Procedure." Doc. 23. On December 17, 2010, after review of Petitioner's motion, the Court entered a "Notice of Recharacterization," which recharacterized Petitioner's motion as a Motion to Vacate his Sentence pursuant to 28 U.S.C. § 2255. Doc. 27. The Court gave Petitioner thirty (30) days to either withdraw his motion or amend his motion to include all the issues that Petitioner wished to raise in his habeas corpus petition. Petitioner failed to file any motions seeking to withdraw or amend his motion within the time period given by the Court.

## DISCUSSION

Respondent contends that Petitoner's Motion to Vacate his Sentence pursuant to Section 2255 should be dismissed as untimely because Petitioner failed to submit his petition within one year of Petitioner's conviction becoming final. A motion pursuant to Section 2255 must be filed within one year of "the date on which the judgment becomes final." 28 U.S.C. § 2255(f)(1).[1] When a petitioner does not appeal his conviction or sentence, the judgment becomes final when the time for seeking that review expires. Mederos v. United States, 218 F.3d 1252, 1253 (11th Cir. 2000); Akins v. United States, 204 F.3d 1086, 1089 n.1 (11th Cir. 2000).

Petitioner failed to file his Motion to Vacate pursuant to Section 2255 within the one-year statutory requirement. At the time of Petitioner's sentencing, a criminal defendant had ten days to file an appeal of his sentence. Fed. R.App. P. 4(b)(1)(A) (2005) (amended 2009).[2] Petitioner did not file for direct appeal. Therefore, Petitioner's conviction became final on August 31, 2001,

---

[1] The one-year period of limitations may be triggered by other events described in 28 U.S.C. § 2255(f); however, none of these grounds are applicable in this case.
[2] Under the current rules, a defendant has fourteen days to appeal. Fed. R.App. P. (4)(b)(1)(A) (2009).

ten days after he was sentenced. Petitioner then had one year, or until September 3, 2002,[3] to file his Section 2255 motion. Petitioner did not file his Section 2255 motion until April 30, 2010, over seven years and eight months after the period of limitations had run.

Petitioner has also failed to show that he is entitled to equitable tolling of the one-year period of limitations. Although Petitioner does not specifically argue for equitable tolling, he states in his motion that he is unjustly incarcerated due to his "actual innocence." A court may consider an untimely petition if refusing to consider the merits of the petition "would endorse a fundamental miscarriage of justice because it would require that an individual who is actually innocent remain imprisoned." San Martin v. McNeil, 633 F.3d 1257, 1267-68 (11th Cir. 2011) (internal quotation marks omitted). The actual innocence exception to the statute of limitations is extremely narrow in scope, and the petitioner must show that his is factually innocent rather than legally innocent to meet the exception. Id. at 1268. To meet this exception, a petitioner must show, based on reliable evidence not presented at trial, that no reasonable juror would have convicted him of the offense. Johnson v. Alabama, 256 F.3d 1156, 1171 (11th Cir. 2001).

Petitioner has failed to provide any evidence that he is factually innocent of the crimes of which he was convicted. Petitioner contends that he is actually innocent because the presentence report incorrectly calculated his prior convictions, which enhanced his sentence as a career offender. Specifically, Petitioner contends that his two prior drug convictions were not Possession with Intent to Distribute Cocaine offenses. Rather, Petitioner claims that those charges were reduced via a plea agreement to Felony Simple Possession of Cocaine offenses. These claims do not support factual innocence. Moreover, Petitioner fails to provide any evidence that his convictions were for simple possession rather than possession with intent to

---

[3] The court takes judicial notice that August 31, 2002, fell on a weekend, so the next business day was September 3, 2002.

distribute. Respondent, however, has provided the Court with copies of Petitioner's two convictions, both of which show that the convictions were for possession with intent to distribute. Resp. Exs. A, B (Docs. 29-2, 29-3). Accordingly, Petitioner is not entitled to equitable tolling.

## CERTIFICATE OF APPEALABILITY

As amended effective December 1, 2009, Section 2255 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2255 Cases.

In this case, there has been no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, the district court should deny a certificate of appealability in its final order.

Pursuant to Section 2255 Rule 11(a): "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is an objection to this Recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this Recommendation.

For the above reasons, **IT IS RECOMMENDED** that Petitioner's Motion to Vacate his Sentence pursuant to 28 U.S.C. § 2255 be **DISMISSED** with prejudice, and that a certificate of appealability be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this **RECOMMENDATION** with the district judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

**SO RECOMMENDED**, this 22nd day of November, 2011.

s/ Charles H. Weigle_____
Charles H. Weigle
United States Magistrate Judge